IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTRUCTION WORKERS' TRUST FUND, by its Trustee, David Allison 10440 Little Patuxent Parkway Columbia, Maryland 21044 | * * * | |
| LABORERS' DISTRICT COUNCIL PENSION FUND FOR BALTIMORE AND VICINITY, by its Trustee, David Allison 10440 Little Patuxent Parkway Columbia, Maryland 21044 | * * | CIVIL ACTION NO. |
| LABORERS' DISTRICT COUNCIL VACATION FUND FOR BALTIMORE AND VICINITY, by its Trustee, David Allison 10440 Little Patuxent Parkway Columbia, Maryland 21044 | * * * | |
| LABORERS' DISTRICT COUNCIL TRAINING FUND FOR BALTIMORE AND VICINITY, by its Trustee, David Allison 10440 Little Patuxent Parkway Columbia, Maryland 21044 | * * * | |
| BALTIMORE/WASHINGTON LABORERS' DISTRICT COUNCIL 5627 Allentown Road, Suite 207 Camp Springs, Maryland 20746 | * * | |
| MID-ATLANTIC LABORERS' POLITICAL LEAGUE 5627 Allentown Road, Suite 207 Camp Springs, Maryland 20746 | * * * | |
| LABORERS' & EMPLOYER COOPERATION & EDUCATION TRUST 10440 Little Patuxent Parkway Columbia, Maryland 21044 | * * | |

LABORERS' BENEFIT FUNDS
10440 Little Patuxent Parkway
Columbia, Maryland 21044

       Plaintiffs

vs.

METRA INDUSTRIES, INCORPORATED
50 Muller Place
Little Falls, New Jersey 07424

**SERVE ON:** Resident Agent
CSC-Lawyers Incorporating
  Service Company
7 St. Paul Street, Suite 820
Baltimore, Maryland 21202

       Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### INTRODUCTION

1. This is an action to: (a) enforce the terms of a collective bargaining agreement, (b) collect delinquent employer contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and (c) enjoin future violations of the collective bargaining agreement and ERISA.

### JURISDICTION

2. This Court has subject matter jurisdiction of Counts I-IV pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and subject matter jurisdiction of Counts V-VII pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

## PARTIES

3. Plaintiff Construction Workers' Trust Fund ("CWTF") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the CWTF, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the CWTF, which joint board of trustees is the plan sponsor of the CWTF within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4. Plaintiff Laborers' District Council Pension Fund for Baltimore and Vicinity ("Pension Fund") is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5. Plaintiff Laborers' District Council Vacation Fund for Baltimore and Vicinity ("Vacation Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an

industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the Vacation Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Vacation Fund, which joint board of trustees is the plan sponsor of the Vacation Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Plaintiff Laborers' District Council Training Fund for Baltimore and Vicinity ("Training Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). David Allison is a duly appointed and authorized Trustee of the Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7. Plaintiff Baltimore/Washington Laborers' District Council ("Union") is an unincorporated labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Union is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents

employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

8. Plaintiff Mid-Atlantic Laborers' Political League ("LPL") is an unincorporated political action committee.

9. Plaintiff Laborers' & Employer Cooperation and Education Trust ("LECET") is a management-labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

10. Laborers' Benefit Funds is the authorized and appointed local agent for collections for the CWTF, Pension Fund, Vacation Fund, Training Fund, Union, LPL, and LECET (collectively, the "Funds").

11. Defendant, Metra Industries, Incorporated ("Metra") is a corporation that employs members of the Union to work on various projects in the mid-Atlantic area.

## COLLECTIVE BARGAINING AGREEMENT

12. At all times relevant to this action, Metra was signatory and subject to a collective bargaining agreement ("CBA") with the Union. The CBA provides for the rates of pay, wages, hours of employment, and other conditions of employment for Metra's employees covered by said CBA. The CBA specifically provides for the payment by Metra to the CWTF, Pension Fund, Training Fund, and LECET of specified sums of money for each hour worked by each of Metra's employees covered by said CBA. All payments are to be made by the 20th each month following the month in which the hours were worked, and such payments are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees and the amounts owed to each Fund.

13. The CBA further provides for certain authorized deductions from the wages of Metra's employees. Specifically, union dues are to be deducted from employees' wages and remitted to the Union. Vacation Fund remittances are to be deducted from employees' wages and remitted to the Vacation Fund. LPL remittances are to be deducted from employees' wages and remitted to the LPL.

14. The CBA further provides that a contributing employer shall permit an audit of its wage and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

## ERISA SECTION 502((g)

15. Section 502(g) of ERISA, 29 U.S.C. §1132(g), requires the court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions. The CBA provides that interest at the rate of eighteen percent (18%) per year applies to delinquent contributions to the CWTF, Pension Fund, Vacation Fund and Training Fund, and that liquidated damages in the amount of twenty percent (20%) will be assessed on the principal amount of such delinquent contributions payments. The CBA also provides that an employer that is delinquent will be responsible for reasonable attorneys' fees and costs incurred in collecting the delinquent contributions.

## Count One
## ERISA Section 515 Claim of CWTF Against Metra

16. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-15.

5155255.4 04876/115698 12/30/2016

17. Metra has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the CWTF for hours worked by Metra's employees for the months of September 2016 through November 2016, and owes contributions, interest and liquidated damages in amounts to be determined for those months.

18. In addition, Metra owes liquidated damages and interest from months prior to September 2016 that have not been paid.

19. Based on the failure of Metra to pay employee fringe benefit contributions in a timely manner for prior months, the CWTF believes that Metra will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the CWTF prays:

    a. That this Court order Metra to make all of its wage and business records available to the CWTF's auditors to determine the exact amount owed for September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b. That judgment be entered against Metra in an amount to be determined for unpaid contributions, liquidated damages and interest owed for the months of September 2016 through November 2016;

    c. That judgment be entered against Metra in the amount of $7,924.72 in liquidated damages and $1,011.84 in interest on the late-paid contributions for the months of September 2015 through August 2016;

    d. That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

    e. That the CWTF be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    f. That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

    g. That such other relief be granted as this Court deems just and proper.

## Count Two
## ERISA Section 515 Claim of Pension Fund Against Metra

  20. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-19.

  21. Metra has failed and refused to file reports and pay the required employee fringe benefit contributions due and owing to the Pension Fund for hours worked by Metra's employees for the months of September 2016 through November 2016, and owes contributions, interest and liquidated damages in amounts to be determined for those months.

  22. In addition, Metra owes liquidated damages and interest from months prior to September 2016 that have not been paid.

  23. Based on the failure of Metra to pay employee fringe benefit contributions in a timely manner for the prior months, the Pension Fund believes that Metra will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Pension Fund prays:

    a. That this Court order Metra to make all of its wage and business records available to the Pension Fund's auditors to determine the exact amount owed for

September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b. That judgment be entered against Metra in an amount to be determined for unpaid contributions, liquidated damages and interest owed for the months of September 2016 through November 2016;

    c. That judgment be entered against Metra in the amount of $3,273.92 in liquidated damages and $416.48 in interest on the late-paid contributions for the months of September 2015 through August 2016;

    d. That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

    e. That the Pension Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    f. That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

    g. That such other relief be granted as this Court deems just and proper.

### Count Three
### ERISA Section 515 Claim of Vacation Fund Against Metra

  24. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-23.

25. Metra has failed and refused to file reports and remit the required wage deductions due and owing to the Vacation Fund for hours worked by Metra's employees for the months of September 2016 through November 2016, and owes wage deductions, interest and liquidated damages in amounts to be determined for those months.

26. In addition, Metra owes liquidated damages and interest from months prior to September 2016 that have not been paid.

27. Based on the failure of Metra to remit wage deductions in a timely manner for the prior months, the Vacation Fund believes that Metra will continue to fail to remit required wage deductions in a timely manner for future months.

WHEREFORE, the Vacation Fund prays:

a. That this Court order Metra to make all of its wage and business records available to the Vacation Fund's auditors to determine the exact amount owed for September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Metra in an amount to be determined for un-remitted wage deductions, liquidated damages and interest owed for the months of September 2016 through November 2016;

c. That judgment be entered against Metra in the amount of $1,023.10 in liquidated damages and $130.15 in interest on the late-paid contributions for the months of September 2015 through August 2016;

d. That judgment be entered against Metra in the amount of all un-remitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and

liquidated damages in the amount of twenty percent (20%) of the principal amount of such wage deductions;

   e. That the Vacation Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

   f. That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

   g. That such other relief be granted as this Court deems just and proper.

### Count Four
### ERISA Section 515 Claim of Training Fund Against Metra

28. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-27.

29. Metra has failed and refused to file reports and to pay the required employee fringe benefit contributions due and owing to the Training Fund for hours worked by Metra's employees for the months of September 2016 through November 2016, and owes contributions, interest and liquidated damages in amounts to be determined for those months.

30. In addition, Metra owes liquidated damages and interest from months prior to September 2016 that have not been paid.

31. Based on the failure of Metra to pay employee fringe benefit contributions in a timely manner for the prior months, the Training Fund believes that Metra will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Training Fund prays:

    a. That this Court order Metra to make all of its wage and business records available to the Training Fund's auditors to determine the exact amount owed for September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b. That judgment be entered against Metra in an amount to be determined for unpaid contributions, liquidated damages and interest owed for the months of September 2016 through November 2016;

    c. That judgment be entered against Metra in the amount of $798.04 in liquidated damages and $101.52 in interest on the late-paid contributions for the months of September 2015 through August 2016;

    d. That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

    e. That the Training Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    f. That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

    g. That such other relief be granted as this Court deems just and proper.

## Count Five
## Claim for Breach of CBA by Union Against Metra

32. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-31.

33. Metra has failed and refused to file reports and remit the required wage deductions due and owing to the Union for hours worked by Metra's employees for the months of September 2016 through November 2016, and owes wage deductions in amounts to be determined for those months.

34. In addition, Metra owes interest from months prior to September 2016 that has not been paid.

35. Based on the failure of Metra to remit the required wage deductions in a timely manner for prior months, the Union believes that Metra will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

a. That this Court order Metra to make all of its wage and business records available to the Union's auditors to determine the exact amount owed for September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Metra in an amount to be determined for un-remitted wage deductions owed for the months of September 2016 through November 2016;

c. That judgment be entered against Metra in the amount of $347.30 in interest on the late-paid contributions for the months of September 2015 through August 2016;

    d. That judgment be entered against Metra in the amount of all un-remitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment;

    e. That the Union be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    f. That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

    g. That such other relief be granted as this Court deems just and proper.

### Count Six
### LPL's Claim for Breach of CBA Against Metra

36. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-35.

37. Metra has failed and refused to file reports and to remit the required wage deductions due and owing to the LPL for hours worked by Metra's employees for the months of September 2016 through November 2016, and owes wage deductions in amounts to be determined for those months.

38. In addition, Metra owes interest from months prior to September 2016 that has not been paid.

39. Based on the failure of Metra to remit the required wage deductions in a timely manner for prior months, the LPL believes that Metra will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the LPL prays:

- 15 -

      a.    That this Court order Metra to make all of its wage and business records available to the LPL's auditors to determine the exact amount owed for September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

      b.    That judgment be entered against Metra in an amount to be determined for un-remitted wage deductions owed for the months of September 2016 through November 2016;

      c.    That judgment be entered against Metra in the amount of $13.02 in interest on the late-paid contributions for the months of September 2015 through August 2016;

      d.    That judgment be entered against Metra in the amount of all un-remitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest;

      e.    That the LPL be afforded post-judgment interest, reasonable attorneys' fees and its costs;

      f.    That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and remittance of wage deductions in the future; and

      g.    That such other relief be granted as this Court deems just and proper.

**Count Seven**
**LECET's Claim for Breach of CBA Against Metra**

40.    Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-39.

41.    Metra has failed and refused to file reports and to pay the required contributions due and owing to the LECET for hours worked by Metra's employees for the

months of September 2016 through November 2016, and owes contributions in amounts to be determined for those months.

42. In addition, Metra owes interest from months prior to September 2016 that has not been paid.

43. Based on the failure of Metra to pay contributions in a timely manner for prior months, the LECET believes that Metra will continue to fail to pay contributions in a timely manner for future months.

WHEREFORE, the LECET prays:

a. That this Court order Metra to make all of its wage and business records available to the LECET's auditors to determine the exact amount owed for September 2016 through November 2016, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Metra in an amount to be determined for unpaid contributions owed for the months of September 2016 through November 2016;

c. That judgment be entered against Metra in the amount of $15.62 in interest on the late-paid contributions for the months of September 2015 through August 2016;

d. That judgment be entered against Metra in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the pre-judgment legal rate;

e. That the LECET be afforded post-judgment interest, reasonable attorneys' fees and its costs;

- 17 -

      f.    That Metra be ordered to comply with the terms of the CBA regarding filing of the remittance reports and payment of contributions in the future; and

      g.    That such other relief be granted as this Court deems just and proper.

Date:  December 30, 2016

                                      /s/ Robert A. Gaumont
                                      Robert A. Gaumont (Fed Bar. No. 26302)
                                      Gordon Feinblatt LLC
                                      233 East Redwood Street
                                      Baltimore, Maryland 21202
                                      Tel: (410) 576-4007
                                      Fax: (410) 576-4269
                                      rgaumont@grflaw.com

*Attorney for Plaintiffs*